## J. STEVENS *v.* THE STATE.

1. PRACTICE. — In the cross-examination of a witness, it is not allowable to interrogate him upon collateral and irrelevant matters merely for the purpose of contradicting him by other evidence and thereby discrediting his testimony in chief.

2. SAME. — The extent to which the feelings and motives of a witness may be probed, with a view to test their influence on his testimony, must in practice be confided to the sound discretion of the judge who presides at the trial.

3. CROSS-EXAMINATION of a witness, however, should not be so restricted by the court as to preclude full inquiry into his relation to the parties and the subject-matter, his interest, means of knowledge, and the like.

APPEAL from the District Court of Wilson.   Tried below before the Hon. E. LEWIS.

The evidence is elaborate, and a detail of it is not necessary to the comprehension of the rulings in the opinion. The punishment assessed and adjudged was five years in the penitentiary.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.   The appellant was tried on an indictment

charging him with the theft of *two mares*, the property of Elijah T. Harper.

The main grounds relied on in defence appear to be, *first*, that the defendant had purchased or traded for the mares in controversy; and, *secondly*, that the defendant had voluntarily returned the animals before prosecution commenced. On the first question there was a conflict in the testimony, and an effort was made to impeach the credibility of the defendant's witnesses who testified that he had traded other property for the mares alleged to have been stolen, and also to show that the witnesses called on behalf of the State to discredit the defendant's witnesses were prejudiced against the defendant and his witnesses. These matters were in the main submitted to the jury under appropriate instructions by the court, and the jury found the defendant guilty, and judgment was entered on the verdict.

The general charge of the court was a clear enunciation of the law applicable to the case as made by the pleadings and the testimony; and besides this a charge asked by the defendant's counsel, and couched in language certainly very favorable to the defendant, was given, with slight and unimportant modifications, to the jury.

The most important question arising in the case as presented by the record is as to whether all the latitude allowed by law was afforded the defendant in cross-examining the State's witnesses, and in interrogating witnesses introduced by himself, in order to weaken, or discredit, or throw suspicion upon the witnesses for the State who had been introduced for the purpose of impeaching the veracity of the defendant's witnesses as to his having purchased or traded for the animals alleged to have been stolen; the gist of the matter appearing to be to prove that the State's witnesses had some connection with a vigilance committee, and this committee were inimical to the practices of the defendant and his witnesses. As to the cross-examination of the witnesses for the prosecution, the rule as laid down by Mr.

Greenleaf is that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence if he should deny it, and thereby to discredit his testimony.  1 Greenl. on Ev., sect. 449.

As to the extent parties may carry investigation into the feelings and motives of witnesses, as influencing their testimony, the latitude allowed must necessarily be confided to the sound discretion of the judge who presides at the trial, in view of the fact that the object of introducing witnesses is to ascertain the truth of the matter in issue.

Still we do not wish to be understood as holding that the cross-examination of a witness is to be so restricted as not to allow full inquiry as to the situation of the witness with respect to the parties and to the subject of the litigation; his interest, his motives, his inclinations and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he has used these means, his powers of discernment, memory, and description, and the like.  1 Greenl. on Ev., sect. 446.

In considering these questions as they are presented in the several bills of exception, and the explanations given by the judge for his ruling, we are of opinion that all the latitude permitted by law was allowed the defendant, and that he was not in those respects deprived of a full and fair investigation.

The testimony does not establish the position that the property was voluntarily returned before prosecution commenced, so as to reduce the offence from felony to a misdemeanor.  The court did not abuse its discretion in permitting witnesses to testify who were called solely for the purpose of impeaching a witness who had testified, though not placed under the rule.

We fail to find such error as would warrant a reversal of the judgment.

*Affirmed.*